UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

TERRY EDWIN JUSTUS )
 )
 *Petitioner*, )
 )
v. ) No. 3:09-cv-408
 ) *Phillips*
 )
STEVE DOTSON, Warden )
 )
 *Respondent*. )

## MEMORANDUM OPINION

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee, on behalf of the respondent; petitioner has not filed a response to the dispositive motion. For the following reasons, the motion to dismiss [Court File No. 8] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Terry Edwin Justus ("Justus") challenges his 2006 Sevier County, Tennessee, convictions for two counts of second degree murder. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the court with copies of the documents relevant to Justus' judgments of conviction as well as his post-conviction proceedings. [Court File No. 8, Motion to Dismiss, Exhibits A - F].

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Justus pleaded guilty to two counts of second degree murder. By judgments entered March 28, 2006, he was sentenced to concurrent terms of imprisonment of 35 years. [Court File No. 8, Motion to Dismiss, Exhibit A]. Justus did not appeal his convictions or sentence, and thus his convictions became final April 27, 2006, which was 30 days after imposition of sentence. *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003).

Justus filed a petition for post-conviction relief, which tolled the running of the statute of limitation, but only while it was pending. [Court File No. 8, Motion to Dismiss, Exhibit C]. The post-conviction petition was filed on October 2, 2006, at which time 158 days of the one-year statute of limitation had elapsed, leaving 207 days for filing a federal habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

The trial court denied the petition after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *Justus v. State*, No. E2007-01008-CCA-R3-PC, 2008 WL 2053731 (Tenn. Crim. App. May 14, 2008), *perm. app. denied, id*. (Tenn. Aug. 25,

2

2008). Thus, the statute resumed running on August 25, 2008, the date the Tennessee Supreme Court denied Justus' application for permission to appeal. *See Lawrence v. Florida*, 549 U.S. 327 (2007) (pending petition for certiorari in the Supreme Court does not toll the statute of limitation after the State has entered final judgment on a post-conviction petition); *Dunlap v. State*, No. E2001-00189-CCA-R3-PC, 2001 WL 1231507 *3 (Tenn. Crim. App. October 12, 2001), *perm. app. denied, id.* (Tenn. May 6, 2002) (state court decision becomes final on the date the Tennessee Supreme Court either files its opinion or denies permission to appeal; the 30 days after judgment for the mandate to issue does not apply to toll a statute of limitation).

As noted, Justus had 207 days remaining, or until March 20, 2009, to seek federal habeas corpus relief. Justus' habeas corpus petition was not filed until July 31, 2009.[1] Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

The motion to dismiss will be **GRANTED**, the petition for habeas corpus relief will be **DENIED**, and this action will be **DISMISSED**. Rule 4 of the Rules Governing Section

---

[1]The petition was received by the Clerk's Office on August 3, 2009. However, the envelope indicates that the petition was given to the prison mail room for mailing on July 31, 2009. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a pro se prisoner when it is given to a prison official for mailing.

2254 Cases In The United States District Courts.  A certificate of appealability **SHALL**

**NOT ISSUE**.  28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure.

The court will **CERTIFY** that any appeal from this action would not be taken in good faith

and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

The court will further **DENY** Justus leave to proceed *in forma pauperis* on appeal.

      **AN APPROPRIATE ORDER WILL ENTER.**


                                            s/ Thomas W. Phillips
                                          United States District Judge